IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TRAVISE HULEY, | : |
| Plaintiff, | : |
| VS. | : CIVIL No: 5:16-CV-0032-MTT-MSH |
| Sheriff BILL MASSEE, *et al.*, | : |
| Defendants. | : |

## ORDER & RECOMMENDATION

Plaintiff Travis Huley, a prisoner confined at the Baldwin County Jail in Milledgeville, Georgia, filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983. After conducting a preliminary review of Plaintiff's Complaint, the undersigned allows Plaintiff to go forward with his Eighth Amendment claims against Defendants Dr. Buczynsky and Nurse Bale. It is **RECOMMENDED**, however, that Plaintiff's claims against Sheriff Bill Massee be **DISMISSED**, as discussed herein, for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1).

**I.    Standard of Review**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less

stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, however, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed the plaintiff's favor, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence necessary to prove a claim. *See id.* "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

**II.     Preliminary Review of Plaintiff's Complaint**

The present action arises from Plaintiff's confinement at the Baldwin County Jail. Plaintiff alleges that since he arrived at the jail, the physician and nurse have refused to provide him adequate medical treatment and medication. Plaintiff was seen by Defendants Dr. Buczynsky and Nurse Bale on a number of occasions, and each time they have, in one way or another, refused to provide him with medication and/or outside treatment for his shoulder injury, gastrointestinal conditions, prior concussions, and dental problems. Plaintiff claims that Buczynsky and Bale's conduct has caused him to suffer extreme pain.

Plaintiff's allegations, when liberally construed and read in his favor, are sufficient

for the undersigned to allow his Eighth Amendment claims against Dr. Buczynsky and Nurse Bale to go forward for further factual development.

Plaintiff, however, fails to state a viable claim against Sheriff Massee. There are no factual allegations of wrongdoing against Sheriff Massee in the body of Plaintiff's Complaint. It thus appears that Plaintiff simply named Sheriff Massee as a party in this action because he is the Baldwin County Sheriff and thereby responsible for the jail and the welfare of its prisoners. Supervisory officials, however, cannot be held liable under § 1983 for the unconstitutional acts of their subordinates absent evidence of a causal link between the supervisor and the constitutional violation. *See LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993); *see also e.g., Averhart v. Warden*, 590 F. App'x 873, 874 (11th Cir. 2014) ("Averhart's contention that . . . defendants are legally responsible for his safety is just a legal conclusion: it is not a meaningful factual allegation and, therefore, is insufficient to preclude dismissal."). Here, Plaintiff's allegations simply do not create a reasonable expectation that discovery would uncover any evidence of the requisite participation or any causal connection between Sheriff Massee and any denial of adequate medical care. It is accordingly **RECOMMENDED** that Plaintiff's claims against Sheriff Massee be **DISMISSED**.

### III. Right to File Objections

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to any recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation. The parties may seek an extension of time in which to file written

objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

For those reasons discussed above, it is hereby **ORDERED** that service be made on Defendants Dr. Buczynky and Nurse Bale and that they file an Answer, or other response as appropriate under the Federal Rules, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are also reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service.

## DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion accompanied by a brief/memorandum of law citing

supporting authorities. Dispositive motions should be filed at the earliest time possible, but no later than one hundred-twenty (120) days from when the discovery period begins.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian (and any successor custodians) shall ensure that twenty percent (20%) of the income credited to Plaintiff's account (at the institution or facility in which he is confined) be remitted to the Clerk of this Court until the $350.00 filing fee has been paid in full. Plaintiff's custodian is therefore **ORDERED** and authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

The **CLERK** shall forward a copy of this Order to the warden and/or business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due

on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

    SO ORDERED, this 20th day of May, 2016.

                                  /s/ Stephen Hyles
                                  UNTED STATES MAGISTRATE JUDGE