IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TRAVISE HULEY, : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | CIVIL No: 5:16-CV-0032-MTT-MSH |
| Sheriff BILL MASSEE, *et al.*, : | |
| : | |
| Defendants. : | |

_____

## ORDER AND
## REPORT & RECOMMENDATION

Presently pending before the Court are Defendants' motions to dismiss (ECF Nos. 20, 26), Plaintiff's request for a pretrial conference (ECF Nos. 36, 40), and Plaintiff's motion to stay the case (ECF No. 44). For the reasons explained below, it is recommended that Defendants' motions to dismiss be granted in part and denied in part. Plaintiff's motions are denied.

## BACKGROUND

The present action arises from Plaintiff's confinement at the Baldwin County Jail. Plaintiff alleges that since he arrived at the jail, the physician and nurse have refused to provide him adequate medical treatment and medication. Plaintiff was seen by Defendants Dr. Buczynsky and Nurse Bell[1] on a number of occasions, and each time they have, in one way or another, refused to provide him with medication and/or outside treatment for his shoulder injury, gastrointestinal conditions, prior concussions, and

---

[1] Defendant Bell was initially identified by Plaintiff as Nurse "Bale."

dental problems. Plaintiff claims that Buczynsky and Bell's conduct has caused him to suffer extreme pain.

After a preliminary review, Plaintiff's claims for deliberate indifference to his medical needs were allowed to proceed against Defendants Buczynsky and Bell. Order & R. 2-3, May 20, 2016, ECF No. 10. Defendants move to dismiss claiming that Plaintiff failed to exhaust his administrative remedies. That motion is ripe for review. Additionally, Plaintiff moves to both stay the case and schedule a pre-trial conference. These motions are addressed below.

## DISCUSSION

**I.     Motions to Dismiss**

Defendants move to dismiss claiming that Plaintiff failed to exhaust his administrative remedies and that Plaintiff's request for injunctive relief is moot. For the reasons explained below, it is recommended that Defendants' motions to dismiss for a failure to exhaust be denied. However, since Plaintiff is no longer detained at Baldwin County Jail, it is recommended that Defendants' motion to dismiss be granted regarding Plaintiff's request for injunctive relief.

A.     <u>Exhaustion</u>

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison

conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted).  The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss.  *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]").  Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings.  *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).  "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.*  If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed.  *Id.*  "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*  The defendant bears the burden of proof during this second step.  *Id.*

Defendants move to dismiss for lack of exhaustion claiming that the Baldwin County Jail has a grievance procedure which applies to inmates but that Plaintiff failed to utilize this procedure regarding the claims against them. Def. Buczynsky's Br. in Supp. of Mot. to Dismiss 2-4, ECF No. 20-1; Def. Bell's Br. in Supp. of Mot. to Dismiss 1-3, ECF No. 26-1.  Plaintiff responds that he filed several grievances while at Baldwin

3

County Jail and thus fully exhausted his claims.  Pl.'s Resp. to Mot. to Dismiss 1-3 & Exs., ECF No. 33.  Because at the first stage of the exhaustion analysis the Court must take Plaintiff's version of the facts as being true, Plaintiff's Complaint cannot be dismissed for lack of exhaustion at this first step.  *Turner*, 541 F.3d at 1082; *see also Dollar v. Coweta Cty. Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011).

Since the Complaint was not dismissed at the first step, the Court makes factual findings relating to exhaustion.  As explained above, defendant bears the burden of establishing a lack of exhaustion at the second step of the inquiry.  *Turner*, 541 F.3d at 1082-83.  The Court makes the following factual findings and determines that Defendants failed to meet their burden regarding Plaintiff's failure to exhaust.

Defendants provided the Baldwin County Jail standard procedures for inmate grievances.  Knight Aff. ¶ 7 & Attach. 1, July 13, 2016, ECF No. 20-3.  The grievance procedures require an inmate to file a grievance on the jail form within five days of the incident leading to the grievance.  *Id.* ¶ 8 & Attach. 1 at 8.  Inmates should request grievance forms from detention officers.  *Id.* ¶ 9, Attach. 1 at 8.  The inmate then should give the grievance to "any staff member" who will give the grievance to the grievance coordinator.  *Id.* ¶ 10, Attach. 1 at 9.  The grievance coordinator logs the grievance upon receipt.  *Id.*  The procedures provide no required wait period for a response to a grievance.  Knight Aff. Attach. 1 at 8-9, July 13, 2016.  Similarly, there is no appeal process.  *Id.*  Thus, in order to fully exhaust a claim at the Baldwin County Jail under the provided procedures, an inmate must merely provide a timely completed grievance form to any detention officer.

4

Defendants claim that Plaintiff filed no grievances in the time period relevant to his complaint. Knight Aff. ¶¶ 6, 12-15, July 13, 2016. Plaintiff, however, submitted several documents he claims are hand-written copies[2] of grievances submitted to officers at Baldwin County Jail. Pl.'s Resp. to Mot. to Dismiss Exs., ECF No. 33-1 at 13-14. Two of these documents are dated prior to the filing of the complaint[3]—a grievance dated January 1, 2016 and a grievance dated January 8, 2016. *Id.* The grievances dated and submitted after the filing of the Complaint are irrelevant in determining whether Plaintiff exhausted his administrative remedies. *See, e.g.*, *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (holding "the term 'brought'—as used in section 1997e(a)—to mean the filing or commencement of a lawsuit.") (internal quotations and citations omitted).

In the January 1 grievance, Plaintiff complains that neither the doctor nor nurse will provide him with his pain medication. He also states that he has other various medical conditions that are not being properly treated. Plaintiff notes at the bottom of the January 1 grievance that it was "signed by Officer King." Pl.'s Resp. to Mot. to Dismiss Exs., ECF No. 33-1 at 13. Plaintiff similarly states in the January 8 grievance that Dr. Buczynsky is denying his prescribed medication and that a nurse refused to give him Tylenol for a headache after his brother died. Plaintiff notes on the bottom of the January 8 grievance that it was "received by Officer Cooper." Pl.'s Resp. to Mot. to Dismiss Exs., ECF No. 33-1 at 14. These grievances, although inartfully worded, are sufficient to

---

[2] Defendants admit that inmates at Baldwin County Jail do not have access to a photocopier and that the grievance forms do not have carbon copies. Knight Aff. ¶¶ 10-11, Aug. 24, 2016, ECF No. 38-1.

[3] The Complaint was signed on January 17, 2016. Compl. 6.

5

"provide[] the institution with notice of a problem such that they have an opportunity to address the problem internally." *Toennings v. Ga. Dep't of Corr.*, 600 F. App'x 645, 649 (11th Cir. 2015). They appear to be in proper form and to contain sufficient information and specificity to exhaust Plaintiff's claims for deliberate indifference under the Baldwin County Jail grievance procedure.

    This, however, does not end the inquiry. Defendants contend that Plaintiff never actually filed these grievances. Captain Willie Knight, the jail administrator and grievance coordinator, reviewed the jail grievance logs from the relevant time period and concluded that "[b]etween November 2015 and March 2016, Travise Huley did not submit any grievances whatsoever." Knight Aff. ¶ 15, July 13, 2016. Captain Knight also reviewed the documents submitted with Plaintiff's response and states that he did not receive those documents between November 2015 and March 2016. Knight Aff. ¶¶ 6-9, Aug. 24, 2016, ECF No. 38-1. Officer King, who Plaintiff claims signed the January 1 grievance, avers that he has "never been handed a grievance from Travise Huley[]" and that he has "never seen a grievance filled out by Travise Huley." King Aff. ¶¶ 11-12, ECF No. 38-2. Officer Cooper, who Plaintiff states received the January 8 grievance, similarly declares that he does not "recall ever being given a grievance by" or "seeing a grievance filled out by Travise Huley." Cooper Aff. ¶¶ 11, 13, ECF No. 38-5. Two other officers likewise state that they did not receive or come into receipt of a grievance filed by Plaintiff after he filed the Complaint. Taylor Aff. ¶¶ 10-12, ECF No. 38-3; Wesley Aff. ¶¶ 10-12, ECF No. 38-4.

Plaintiff responds with sworn pleadings stating that he did in fact file eight grievances while at Baldwin County Jail and that the affidavits provided by Defendants are inaccurate. Pl.'s First Surreply 1-3, ECF No. 42; Pl.'s Second Surreply 1-3, ECF No. 43. The Court notes that Plaintiff stated in his Complaint that he filed two grievances prior to filing the Complaint—one on January 1 and one on January 8—and that he had received no response from the grievances. Compl. 3-4. Plaintiff has consistently maintained that he provided these grievance forms to officers at Baldwin County Jail, which is all that is required to exhaust under the jail's procedures. The Court finds that given these inconsistent facts, both supported with documentation and sworn statements, Defendants have failed to meet their burden to prove a failure to exhaust. It is thus recommended that Defendants' motions to dismiss for exhaustion be denied.

B.  Injunctive Relief

Plaintiff requests as relief that this Court order Defendants to provide him with medical treatment and comply with his previous doctors' orders. Compl. 6. Subsequent to the filing of his Complaint, however, Plaintiff was released from Baldwin County Jail custody.[4]  *See* Letter 1, ECF No. 16. His claims for injunctive relief against Baldwin County Jail employees are consequently moot. *See e.g. Rowan v. Harris,* 316 F. App'x 836, 838 (11th Cir. 2008) (citing *Spears v. Thigpen,* 846 F.2d 1327, 1328 (11th Cir. 1988)) (holding that a prisoner's claim seeking declaratory and injunctive relief in a § 1983 action becomes moot once the prisoner has been transferred); *Boxer X v. Donald*, 169 F. App'x 555, 559 (11th Cir. 2006) ("Because [Plaintiff] is no longer housed at the

---

[4] It appears that Plaintiff is now detained at Wilkinson County Jail. *See* ECF No. 45.

7

prison in which defendants . . . are currently employed, injunctions against them are now moot"). It is thus recommended that Defendants' motions to dismiss regarding Plaintiff's request for injunctive relief be granted.

## II.     Plaintiff's Miscellaneous Motions

Plaintiff filed two motions (ECF Nos. 36, 40) seeking a pretrial conference. These motions are denied at this time. Discovery has not yet commenced and the dispositive motions deadline has not passed. Once discovery is complete and dispositive motions are filed, Plaintiff may renew his request for a pretrial conference. Plaintiff also filed a letter (ECF No. 44) in which he seeks to stay the case because he is not being given his mental health medications and because he has little access to a law library. This motion is also denied.

## III.    Discovery

Discovery in this case was stayed pending the resolution of Defendants' motions to dismiss. Text-only Order, July 14, 2016, ECF No. 22. The stay shall be lifted upon the district judge's order adopting the Report and Recommendation.[5] Discovery shall run for ninety days from the date of that Order and dispositive motions shall be due thirty (30) days after the close of discovery.

## CONCLUSION

For the reasons explained above, it is recommended that Defendants' motions to dismiss (ECF Nos. 20, 26) be granted in part and denied in part. Plaintiff's motions are

---

[5] If the district judge declines to adopt the Report and Recommendation, the undersigned shall issue another discovery order.

denied. (ECF Nos. 34, 40, 44.) Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED, this 30th day of November, 2016.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE