IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TRAVISE HULEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:16-cv-32 (MTT) |
| | ) |
| DR. PAUL STEPHEN BUCZYNSKY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court the Court is the Recommendation (Doc. 52) of United States Magistrate Judge Stephen Hyles regarding Defendants Dr. Paul Stephen Buczynsky's and Nurse Crystal Bell's Motions to Dismiss (Docs. 20; 26). With respect to Plaintiff Travise Huley's deliberate indifference to medical needs claim, the Magistrate Judge recommends denying the motions to dismiss. Doc. 52 at 7. However, the Magistrate Judge also recommends dismissing Huley's claims for injunctive relief against Baldwin County Jail employees as moot because Plaintiff is no longer in custody at Baldwin County. Doc. 52 at 7-8. Defendant Bell has objected to the Magistrate Judge's recommendation (Doc. 55) and Huley has responded to her objection (Doc. 56). The Court has performed a de novo review of the portions of the Recommendation to which Bell objects and **ADOPTS** the recommendations of the Magistrate Judge.

Bell objects to the Magistrate Judge's finding that she has not proven Huley failed to exhaust his administrative remedies as to his claim against her. Docs. 52 at 7; 55 at 1-2; *see Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) ("The

defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies."). First, the Court notes that, in examining a motion to dismiss, a pro se plaintiff is held to a less stringent standard and the Court liberally construes the plaintiff's complaint. *Davila v. Gladden*, 777 F.3d 1198, 1209 (11th Cir. 2015); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("*[P]ro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally."). Moreover, at the motion to dismiss stage, all "reasonable inferences . . . are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006). Bell first argues that the only relevant grievance to the claim against her is a grievance dated January 19, 2016 (Doc. 32-1 at 15), which, because Huley signed his complaint on January 17, 2016, cannot serve to exhaust his administrative remedies. Doc. 55 at 2, 4-5; *see, e.g.*, *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012). Huley attached a grievance dated *January 8, 2016* to his Response that describes the underlying incident with Nurse Bell in which she allegedly denied him Tylenol. Doc. 33-1 at 14. However, in his complaint, Huley alleges Bell denied him Tylenol even though he told her that he "just [found] out about my oldest brothers [sic] demise on *January 9, 2016*." Doc. 1 at 5 (emphasis added). Bell interprets this to mean that Huley's brother died on January 9. Doc. 55 at 2. Accordingly, Bell urges Huley could not have filed a grievance on January 8 related to the incident and, thus, surmises that the January 8 grievance is fraudulent. *Id.* at 2-3. However, this discrepancy just as easily leads to the conclusion that Huley—who states he has suffered "7-8 concussions"—simply made a mistake, especially since his complaint also states he filed a grievance on January 8. Doc. 1 at 4, 5. This discrepancy in a pro se

2

complaint is not sufficient to prove Huley has not exhausted his available remedies. *See Turner*, 541 F.3d at 1082.

Next, Bell argues for the first time that the January 8 grievance cannot exhaust Huley's administrative remedies because it does not identify Bell by name. Doc. 55 at 3-4. "[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009); *see also Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006) (holding that district courts have "broad discretion" to consider "an argument that had not been presented to the magistrate judge"). Regardless, the grievance alleges Huley asked a "nurse for Tylenol," which, construed liberally, as required for a pro se complaint, was sufficient to put the prison officials on notice that there was an issue to be addressed internally. Doc. 33-1 at 14; *Toennings v. Ga. Dep't of Corr.*, 600 F. App'x 645, 649 (11th Cir. 2015) ("The critical function of the grievance process is that it provides the institution with notice of a problem such that they have an opportunity to address the problem internally."). Therefore, Bell has not carried her burden of "proving that [Huley] has failed to exhaust his available administrative remedies." *See Turner*, 541 F.3d at 1082.

Finally, Bell, again relying on the date discrepancies, argues the Magistrate Judge erred in resolving the credibility dispute in favor of Huley. Doc. 55 at 5-6. As stated, Bell holds the burden to establish Huley did not exhaust his administrative remedies and has failed to meet this burden. Based on the record, the Magistrate Judge did not err in resolving the credibility determination in favor of Huley.

For the reasons stated, the Recommendation is **ADOPTED** and made the order of the Court. Accordingly, the Defendants' Motions to Dismiss (Docs. 20; 26) is **GRANTED in part and DENIED in part**. Huley's claim for injunctive relief is **DISMISSED**.

**SO ORDERED**, this the 17th day of March, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
